IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| JACOB SAHR, | Case No. 4:21-cv-00101-SMR-HCA |
| Plaintiff, | |
| v. | ORDER ON MOTION FOR FINAL JUDGMENT UNDER RULE 54(b) |
| CITY OF DES MOINES, and BRIAN BUCK, in his individual and official capacity, | |
| Defendants. | |

Before the Court is a motion by Plaintiff Jacob Sahr requesting entry of final judgment of the dismissal of his claim for First Amendment retaliation against the City of Des Moines, Officer Brian Buck, and Unknown Officers of the Des Moines Police Department ("Defendants"). Plaintiff wishes to immediately appeal the previous determination that Officer Buck is entitled to qualified immunity under 42 U.S.C. § 1983. Defendants do not oppose the motion. [ECF No. 92].

I. BACKGROUND

Plaintiff filed a five-count complaint against Defendants arising out of the events of May 30, 2020. [ECF No. 30]. On that night, Plaintiff was present at several protests in Des Moines, Iowa following the murder of George Floyd in Minneapolis, Minnesota. Plaintiff was arrested and charged with rioting, but the charges were later dismissed. The Second Amended Complaint alleges Defendants are liable for false arrest, unreasonable seizure, and free speech violations protected under the United States and Iowa Constitutions. Defendants moved for summary judgment on all claims arguing that they did not violate Plaintiff's constitutional rights or that they were entitled to qualified immunity for any violation that was not clearly established.

1

Senior United States District Judge Robert W. Pratt, now retired, denied the motion for summary judgment except for the municipality claim brought against the City of Des Moines and the claim for violation of the First Amendment's freedom of speech provision. *Sahr v. City of Des Moines*, --- F. Supp. 3d ----, ----, 2023 WL 2729436, at *21 (S.D. Iowa Mar. 30, 2023). The case has since been reassigned to the undersigned. The remaining counts are scheduled to proceed to a seven-day jury trial beginning on June 10, 2024. Plaintiff filed this unresisted motion asking the Court to enter final judgment on his individual capacity claim against Officer Buck for violation of his First Amendment rights. He argues that this would enable him to appeal Judge Pratt's ruling on qualified immunity before the trial begins next summer.

## II.   DISCUSSION

### A.   Legal Standard

Federal Rule of Civil Procedure 54(b) provides:

> When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

Fed. R. Civ. P. 54(b). The purpose of Rule 54(b) "is to avoid the possible injustice of a delay in entering judgment on a distinctly separate claim or as to fewer than all of the parties until the final adjudication of the entire case by making an immediate appeal available." *Oklahoma Tpk. Auth. v. Bruner*, 259 F.3d 1236, 1241 (10th Cir. 2001) (citation omitted); *see also Day v. NLO, Inc.,* 3 F.3d 153, 155 (6th Cir. 1993) (holding that the rule "is intended to strike a balance between the undesirability of more than one appeal in a single action and the need for making review available in multiple-party or multiple-claim situations at a time that best serves the needs of the litigants."

(citation omitted)).  Entry of final judgment under Rule 54(b) should not be routine.  *Curtiss-Wright Corp. v. Gen. Elect. Co.*, 446 U.S. 1, 10 (1980).

The threshold determination under Rule 54(b) is whether the order to be entered is a "final judgment."  *Curtiss-Wright Corp.*, 446 U.S. at 7.  A judgment is a decision "upon a cognizable claim for relief" and can only be final if it is "an ultimate disposition of an individual claim entered in the course of a multiple claims actions."  *Id*.  (quoting *Sears v. Roebuck & Co. v. Mackey*, 351 U.S. 427, 436 (1956)).  An entry of a judgment under Rule 54(b) by a trial court cannot transform it into a final judgment by itself.  *Bergstrom v. Sears, Roebuck & Co.*, 599 F.2d 62, 63–64 (8th Cir. 1979).  If the order is a final judgment under Rule 54(b), then the issue is whether there is any just reason for delay of its entry.  *Curtiss-Wright Corp.*, 446 U.S. at 8.  The United States Supreme Court has declined to "fix or sanction narrow guidelines" pertaining to whether there are no just reasons for delay.  *Id*. at 10–11.  Accordingly, the district court's conclusion regarding the certification under Rule 54(b) is reviewed for its reasonability and "substantial deference" is paid to the decision of the district court.  *Id*. at 10.

The Eighth Circuit has identified five factors to consider when considering whether there is "no just reason for delay":

> (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in setoff against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like. Depending upon the facts of the particular case, all or some of the above factors may bear upon the propriety of the trial court's discretion in certifying a judgment as final under Rule 54(b).

*Hayden v. McDonald*, 719 F.2d 266, 268–69 (8th Cir. 1983) (quoting *Allis-Chalmers Corp. v. Phila. Elec. Co.,* 521 F.2d 360, 364 (3d Cir. 1975)).  Furthermore, "[c]ertification should be granted only if there exists 'some danger of hardship or injustice through delay which would be alleviated by immediate appeal.'"  *Hayden*, 719 F.2d at 268 (quoting *Brunswick Corp. v. Sheridan,* 582 F.2d 175, 183 (2d Cir. 1978)).

## B.  Analysis

Plaintiff asks the Court to expressly hold there is no just reason for delay and enter final judgment on his individual capacity First Amendment claim against Officer Buck.  He urges that all of the *Harden* equitable factors favor his request and would enable him to immediately appeal the grant of qualified immunity.  Plaintiff further contends that if the Court were to deny his motion, it "risk the danger of injustice to Mr. Sahr and to every person who is subject to the laws of this circuit, who interact with police officers every day, and whose constitutional rights are at stake."  [ECF No. 92-1 at 5].  Although Defendants do not resist the motion, the Court must analyze whether Plaintiff has indeed satisfied the standard for certification pursuant to Rule 54(b).

### 1.  *Hayden* Factors

#### a.  Relationship between adjudicated and unadjudicated claims

The first factor in which *Hayden* directs courts to consider is the relationship between the adjudicated claims and the unadjudicated claims.  719 F.2d at 269.  The Supreme Court has cautioned that even if there is daylight between such claims, "[n]ot all final judgments on individual claims should be immediately appealable, even if they are in some sense separable from the remaining unresolved claims."  *Curtiss–Wright,* 446 U.S. at 8.  The Eighth Circuit has rejected reasons for certification such as "[t]o avoid the potential for multiple trials . . . and . . . inconsistent jury verdicts involving the same incident" because such reasons fail to distinguish a specific case

from any other civil action where not all claims are dismissed before trial. *Huggins v. FedEx Ground Package Sys., Inc.*, 566 F.3d 771, 774 (8th Cir. 2009). The Eighth Circuit will carefully scrutinize a Rule 54(b) certification by a district court if its "decision does not reflect an evaluation of such factors as the interrelationship of the claims so as to prevent piecemeal appeals, or show a familiarity with the case and with any justifiable reasons for delay[.]" *Id.* (cleaned up) (internal citations omitted).

Plaintiff's reasons that the qualified immunity determination "is a purely legal issue" that is attenuated to his other claims in the case. This "distant relationship" between his other claims favors certification according to Plaintiff. [ECF No. 92-1 at 5–6].

b. Need for review

The second consideration is whether "the need for review" of a certified claim will "not be mooted by future developments in the district court." *Hayden*, 719 F.2d at 269. This factor asks whether Plaintiff's need for appellate review of the qualified immunity determination will be mooted by further development of the case in the district court. He describes his appeal on the issue as "inevitable" so permitting him to immediately appeal Judge Pratt's determination will "promote clarity and judicial efficiency in the resolution of the issues" of qualified immunity. [ECF No. 92-1 at 6].

c. Consideration of same issue

Next, the Court must assess whether the appeals court will need "to consider the same issue a second time." *Hayden*, 719 F.2d at 269. Plaintiff offers that the issue of qualified immunity—whether it is clearly established that he had a First Amendment right to record Officer Buck in the performance of his official duties—will only need to be decided once during this case. [ECF No. 92-1 at 6].

d.  Counterclaim set-off

The Court must also consider whether any counterclaims could result in a set-off against the judgment in which Plaintiff seeks a Rule 54(b) certification. *Hayden*, 719 F.2d at 269. Defendants have filed no counterclaims against Plaintiff, so he argues that this factor weighs in favor of his position.

e.  Miscellaneous factors

The fifth factor under *Hayden* are "miscellaneous factors" which Plaintiff contends "overwhelmingly favor certification in this case." [ECF No. 92-1 at 6]. He argues that he intends to appeal the qualified immunity determination by Judge Pratt at some point so allowing him to appeal immediately could resolve the appeal more than a year earlier than if he waits until final judgment is entered on all the claims in this case. *Id*. at 7. Plaintiff also offers that Defendants "have an interest in the certainty of a final judgment on the issue of qualified immunity." *Id*. According to Plaintiff, the specific First Amendment issue in this case, whether he has a constitutional right to record police during the performance of their official duties, "involves an important recurring question of law" which several Courts of Appeals have wrestled with in recent years. *Id*. at 7 (collecting cases). He maintains that if a legal question "is important and recurring, and there is substantial ground for difference of opinion, the public interest in a precedential appellate decision resolving the question weighs in favor of interlocutory resolution. To deny this motion and delay resolution of this issue risks the danger of subjecting each such person to an incorrect standard of one of this nation's most fundamental constitutional rights." *Id*. at 7–8. He argues that this is a particularized injustice that can be avoided with certification of a final judgment.

The Court is unpersuaded that Plaintiff has set forth the sufficient "danger of hardship or injustice which an immediate appeal would alleviate." *Taco John's of Huron, Inc. v. Bix Produce Co., LLC*, 569 F.3d 401, 402 (8th Cir. 2009); *see also Huggins*, 566 F.3d at 774; *McAdams v. McCord*, 533 F.3d 924, 928 (8th Cir. 2008).  Essentially, Plaintiff contends that he will appeal Judge Pratt's qualified immunity ruling anyway, so all the parties would benefit from a ruling on the issue immediately, rather than at the conclusion of the case.

However, the Court finds that there is nothing in Plaintiff's motion which "would distinguish it from a mine-run multi-[count] lawsuit[.]" *Huggins*, 566 F.3d at 775.  The Eighth Circuit has repeatedly held it will not assume jurisdiction over a Rule 54(b) appeal "unless there is some danger of hardship or injustice which an immediate appeal would alleviate." *Clark v. Baka*, 593 F.3d 712, 715 (8th Cir. 2010) (quoting *Taco John's*, 569 F.3d at 402); *see also Jones v. W. Plains Bank & Tr. Co.*, 813 F.3d 700, 703 (8th Cir. 2015); *Sterling State Bank v. Mass Comm. Props., LLC*, 837 N.W.2d 733, 738–39 (8th Cir. 2013); *Williams v. Cnty. of Dakota, Neb.*, 687 F.3d 1064, 1069 (8th Cir. 2012); *Clos v. Corrs. Corp. of Am.*, 597 F.3d 925, 929 (8th Cir. 2010).  It has "repeatedly stated that Rule 54(b) certifications 'should neither be granted routinely nor as an accommodation to counsel.'" *Huggins*, 566 F.3d at 774 (quoting *Guerrero v. J.W. Hutton, Inc.*, 458 F.3d 830, 833 (8th Cir. 2006)).  The Court is not convinced that Plaintiff has presented sufficient reasons for certification under Rule 54(b).  Plaintiff's Motion is DENIED.  [ECF No. 92].

IT IS SO ORDERED.

Dated this 20th day of September, 2023.

_____
STEPHANIE M. ROSE, CHIEF JUDGE
UNITED STATES DISTRICT COURT